With that, we've given each side 15 minutes and if you want to reserve some rebuttal time, I think you can see the clock from afar as we can. So feel free to begin and just introduce yourselves. And before you do begin, I believe this is being streamed as would an ordinary argument in the courtroom. So we are on the internet live and of course there will be an audio tape made of the proceedings as well. So with that, you may begin whenever you're ready. Thank you. May it please the court, my name is Michael Morgan and I represent the government on this appeal. I would like to reserve three minutes for rebuttal. I'll do my best to keep track of my own time. The government is appealing an order of the district court refusing to enforce two of the mandatory pre-trial conditions mandated by the Adam Walsh Act. Before I get to the heart of my argument, I think it's important to start with the first premises. The Adam Walsh Act is not the straitjacket that the district court really perceived it to be. The Act still confers upon the judge a great deal of discretion with respect to the implementation of the conditions that are required by the Act. For example, the curfew condition, the court is simply required to impose a curfew. It's up to the court to fashion whatever curfew in its discretion it feels appropriate to the given case. Similarly with restrictions on place of abode or travel. So the district court was obviously of the view that it lacked any discretion whatever with respect to these conditions and that's just factually inaccurate. It's sort of hard to interrupt because of the time lag, but let me ask you this. Would the court be entitled to keep the conditions substantively the same as they were, for example, allowing travel for work whenever it's important and so on and so forth? The only one that seems absolute is subsection 8 on refraining from firearms, but I don't think that's really his complaint. With other aspects, could it be the exact same thing and still comply with the statute? I don't think it could be the exact same thing only because prior to the government's motion to amend the conditions, there was no electronic monitoring or curfew in place. So there would have to have been some change, but the court would have had discretion to fashion that change as it saw fit. Again, I come back to the curfew. The magistrates seem to be of the view that the curfew requirement has been tantamount to home detention, but that's just not correct. The district judge could have fashioned whatever curfew he thought appropriate, be it 5 hours, 6 hours, 4 hours. So there's still a great deal of discretion with respect to the implementation of these conditions. All that is required is to be sure the court must impose them, but that's just the threshold. Once they're imposed, it's up to the court to actually figure out the ins and outs of how they're going to be applied to a given case. There's clearly still a role here for the court. It's not just a one-size-fits-all regime that the district court really seems to perceive to be the problem here. Ultimately, this case just boils down to whether Congress, rather than the court, can make the initial determination whether this class of defendant qualifies for these types of conditions. That's essentially the only modification the Adam Walsh Act has done. Rather than that decision being committed to the court as it was previously, Congress has made a legislative judgment that individuals charged with these crimes pose a sufficient risk to the public that they should be subject to these conditions on relief. And it's important to note that these are just conditions on relief. While they definitely restrict a pretrial detainee's ability to move freely at will, he's still able to move about and go about his daily business subject to whatever restrictions the court feels appropriate. Let me go back to my earlier question with an example. Suppose the court said that in view of the person's previous obedience to the earlier conditions and lack of any further evidence of problems, the curfew is that he only has to be in his own home between midnight and 5 a.m. and that he's free to travel forward whenever required for him to travel. Would that meet, in your view, if it's an individualized determination, would that still meet the requirements of the Adam Walsh Act to contain a curfew and comply with specified restrictions on travel? It absolutely would, Your Honor. The statute simply says specified curfew. It leaves that determination to the court. It is up to the court to determine what curfew is appropriate in a given case. So, in the hypothetical that you posed, absolutely, that would comply with those two conditions of the Act. Really, I think that the only, apart from the firearm restriction, which isn't really an issue in this case, the only condition here that is in any sense truly mandatory is the monitoring. But, again, the monitoring is just a means of enforcing the curfew and, again, the court has discretion to fashion the monitoring condition as it sees fit. The record in this case indicated that there might be some problem with the ability to travel out of state with respect to the monitoring. I don't know if, as a technological matter, that's true, but the record is what the record is on that score. Nevertheless, that's an incidental restriction that is fairly commonplace for pretrial detainees. Again, so what I need to emphasize is that there's still discretion, and the courts here didn't exercise their discretion. They believe that the Act just mandated these conditions and there was really no role for them to play, and that, again, is inaccurate. At the heart of the matter, it seemed that the court's concern was that the judiciary, the judicial officer, had to make an individualized termination with respect to Mr. Kennedy, whether he should be subject to these conditions. Prior to the enactment of the Adam Walsh Act, that would have been absolutely correct. However, with the enactment of that statute, Congress has made that determination for the court, and it was certainly within Congress' province to do so. Congress could have made Mr. Kennedy's offenses not subject to bail. They could have mandated him to be detained prior to trial. That would have been the ultimate restriction on his liberty, and that would have passed out. Yes, Your Honor. How difficult is it to install or remove these monitoring devices? It takes an agent of the government, I take it, to remove these things, right? That is correct, Your Honor. I believe that to be correct. The record as developed does not have enough involvement in that. Now, you're telling us that, in your view, the district court would have the discretion to fashion some proportionate rule or practical rule of curfew. Yes. And that would satisfy the requirement of the statute, of course, the mandatory requirement that there be a curfew. That's correct. Now, could the court, in your view, say, okay, as a conditional release, this defendant is going to be monitored by one of these devices attached to his body? And, yes, it can be removed at any time it is necessary for him to travel in connection with specific work. That's a more difficult question, only because there's no definition in the statute of what constitutes electronic monitoring. The common sense understanding of it is that it's a 24-hour monitoring, so I would think that removal might not satisfy the statute. Well, now, let me just suppose that this person who is being monitored is involved in a serious auto accident or some other accident that injures him, and he has to go through a certain medical procedure, including x-rays and lots of other stuff and treatment for his wound. It could still be removed, could it not? Unfortunately. All right, but at some point, at some point, the whole idea that it has to be 24 hours a day, whatever the circumstances we can imagine, can be as ridiculous as saying that a curfew means 24 hours in the bedroom. That's true, Your Honor, and in fairness, I should point out that the statute doesn't define electronic monitoring to be 24 hours. That is how my understanding of how pretrial services use electronic monitoring, but that's certainly not a creature of the statute. All right, supposing that this case turned out in a way that we said the district court can, under the statute, impose electronic monitoring within the bounds of reason that will permit this man to travel on an airplane. What's wrong with that? I have no problem with that, and I think that as a matter of statutory construction, that is a permissible construction of the statute. Again, I think that the 24-hour requirement comes from pretrial services. It doesn't come from anything in the statute. I think the statute requires an electronic monitoring. I have a question. Yeah, I want to. Is it your position that the mandatory monitoring condition requires that the monitor be removable only by a government agent, or can the court impose a monitor which could be removed by the defendant himself? I think that that's more of a technological question. My understanding of how the procedure works is that it's supposed to be removed, and it's designed to be removed only by a government agent. I think it's just a practical matter. It shouldn't be. It's not removable by the detainee, and frankly, I don't think that the government would. It's not removable when he takes a shower? My understanding is that it's not removable in those circumstances. It's a waterproof monitor. That's the idea. Waterproof, shockproof, things of that nature. I do believe that that does go, again, to the nature of the mandatory aspect of the statute. You have to impose some condition. It doesn't have to be a draconian one-size-fits-all condition for all defendants, and I think that is the proper construction of the statute. Okay. You have three minutes left, so let us hear from other counsel, and you'll have some rebuttal time remaining then. Thank you, Your Honor. Good afternoon, Your Honors. I'm Gilbert Levy. I represent Mr. Kennedy, and let me start by saying that if opposing counsel lived some distance from his job and he had to drive to work in order to get to work on time, and if someone were to impose a condition on him saying that he had to walk to work or ride a bicycle, he would certainly agree, as anyone would, that that's a significant restriction on his liberty interest. And essentially, our understanding of the condition, the mandatory condition of the Adam Walsh Act, is that is the type of restriction that's being placed on Mr. Kennedy. As the record reflects, Mr. Kennedy has to travel on occasion with his job. He lives in Seattle, but he has to travel to other West Coast cities in order to be at meetings that his job requires. He has to travel by air. Sometimes he has to be away from Seattle more than a day or two at a time. He has traveled to other cities since he's been indicted and since he's been placed on supervised release, and that travel has been approved by pretrial services, and he's continued to return to Seattle on time and comply with all conditions. Thank you, counsel. Let me interrupt you to ask the following question. The government, I think, is arguing, they don't put it this way, but it's a bit of not deciding a constitutional issue when you don't have to decide a constitutional issue. Their position seems to be, as I understand it, that as a matter of statutory construction, we should interpret the provisions of, I'm looking for the section number, 3142C1B, the statute in question, to allow the district court to personalize the condition so that, for example, there'd be electronic monitoring but pretrial services would be required to remove it so that he could travel for work or that the curfew would only be a minimal curfew to keep him home, you know, for four hours at night when he's not away on business. If that is the case, if it can be personalized in that way and he can continue to work at his job, why wouldn't that be a sufficient solution both statutorily and practically? If this court wants to construe the mandatory conditions of the Adam Walsh Act to be not mandatory, that's fine with us. I mean, I was very impressed. It isn't really saying that they're not mandatory. It's saying that they're mandatory but undefined. For example, to comply with a specified curfew doesn't tell you what it is until the judge decides what it is. I think the non-possession of a firearm is one that's not subject to interpretation, but that doesn't seem to be a problem for you. That's not what you're complaining about, as I understand it. We have a very practical consideration. Mr. Kennedy and I are not interested in making constitutional law. Mr. Kennedy is interested in keeping his job. If the statute could be construed in such a way that the district court has discretion to allow the bracelet to be removed in a practical way so that he can travel with his job when he needs to travel with his job, if the curfew can be interpreted and enforced in such a way that if he has to be away in some other city overnight but still somehow comply with the curfew, then we don't have a problem with the statute being construed in that fashion and the district court adopting that type of a remedy. Again, our concerns are very practical concerns. It's our understanding, and at least up until now it's been our understanding, that Mr. Kennedy had to wear the bracelet 24 hours a day, that he couldn't get on an airplane with the bracelet, and if he can't get on an airplane, he can't keep his job. So, again, we may have a potential meeting of the minds here. It's not our desire to make constitutional law if the problem can be solved in a practical way and if the order of this court can so indicate. I had other things to say, but if that addresses the court's questions and the court's concerns, I wanted to argue that the statute is unconstitutional and I'm prepared to do that. If the court has questions in that regard, if not, then I'll reserve the rest of my time. I have a question in view of the government's position as far as interpreting the statute. Do you believe that we can give a correct reading to the statute by interpreting it as he has suggested, that the curfew can be limited to, say, five or six hours? It can be limited during a period of time when Mr. Kennedy must be out of town and the bracelet can be taken off when he's traveling out of town? As a matter of statutory interpretation, do you see the statute as being subject to that type of interpretation? No. First of all, if the court so chooses to interpret the statute in that way, we have no problem with that. It seems to me, though, looking at it more from the standpoint of a lawyer, if the court were to interpret the statute in that fashion, essentially what it would be doing would be making a mandatory statute not mandatory, which would be a deviation from the intent of Congress. Well, let me ask you a question about that. When the statute says in subsection 4, abide by specified restrictions, and when it says in subsection 7, comply with a specified curfew, what does that mean in the absence of some fleshing out by the district court? Does that mean 24 hours a day you're at home and you never get to travel? Or does it mean that the district court gets to specify? That particular section of the statute does seem to be subject to interpretation, but the plain reading of the statute, and the one that we thought it meant, was that he had to be in his house every night for a certain specified period of time. Again, if the statute can be construed in the fashion that the court is now suggesting to allow Mr. Kennedy the flexibility to keep his job, we would be happy for the court to adopt that interpretation. I don't mean to be arguing out of both sides of my mouth. The court asked me a question about whether or not the statute could be construed in that way, and I guess I would defer to the court. Does the statute say that the specified curfew has to be served in his abode and in his residence and no place else? It does not. It does not. Unless the court has questions, I'll reserve the rest of my time. Okay, thank you. We'll hear again from Mr. Morgan in just about three minutes left. Thank you, Your Honor. I think I would just want to emphasize the government's position that these conditions are indeed mandatory. We're not asking the court to read out the mandatory language of the statute. We're simply asking the court to recognize that all that is mandatory is that the conditions be imposed. It's up to the district court to fashion how the specifics of those conditions should be imposed in each case. I think that the district court's problem was that it felt that it was unconstitutional for Congress to make that threshold determination. What is your specific request for relief? Do you want us to vacate the trial court's order and remand it for reconsideration based on the interpretation of the statute which you've suggested? Yes, Your Honor. But with directions that the court is required to impose the mandatory conditions, the specifics of those conditions ought to be spelled out by the court. That's all the relief that the government is asking, is that the mandatory conditions be imposed as required by the statute. If the court has no other questions, I will overheal. Thank you. Thank you. Excuse me, Your Honor. I'm sorry, Your Honor. If the court is so inclined to fashion... Who's speaking? I can't see you. This is Mr. Levy. Yes? If the court is inclined to fashion such an order, I would like the order to be sufficiently clear that the trial court has the discretion to allow my client to travel without the bracelet and also has the discretion to allow him to make overnight trips for purposes of his job. If I just ask for some clarity so that the trial court understands that it does have such discretion, some clarity and some specificity in the order. Mr. Levy, let me ask you one question about the bracelet. Is the problem with the bracelet that he will not be allowed on an airplane with the bracelet, or is it that once outside the region in which he lives, the bracelet simply doesn't work? The problem with the bracelet is that he will not be allowed on the airplane with the bracelet. Suppose the bracelet is in his baggage. Will he be allowed to get on the plane with the bracelet, put on the bracelet, supposing he can put it on, and be in another town with the bracelet on? I don't know the answer to that, Your Honor. I'm sorry. Thank you. Thank you, counsel. We appreciate very much, again, the arguments of both of you, particularly on such short notice. They've been extremely helpful, and the matter just argued is submitted.
judges: Leavy, Graber, Bea